Leonard L. Fine, J.
This is a motion seeking an order striking this action from the calendar Of this court. The unique facts are as follows:
The plaintiff commenced an action by service of a summons and complaint on defendant Clearview Gardens Corporation (hereinafter referred to as the Corporation), in August of 1964. Issue was joined in September of 1964, and after said defendant served a 45-day notice (CPLE 3216) in June of 1965, a notice of trial was served and filed naming only the defendant Clear-view Gardens Corporation hut without a statement of readiness. The summons and complaint in this negligence action also named as a defendant Clearview Gardens Federal Credit Union (hereinafter referred to as the Union), hut the summons and complaint were not served on that defendant until December of 1965 after the notice of trial had been served previously and filed as against the first defendant corporation. Issue was joined as to the second defendant Union in January of 1966. On September 13,1966, the case was marked “ Off calendar ” for failure to file a statement of readiness and dismissed one year later on September 14, 1967 (CPLE 3404).
No further proceedings were taken by the plaintiff or defendant Union until recently when plaintiff in June of 1972 served and filed a new notice of trial upon the defendant Union, who now moves to strike the case from the calendar on the ground that the whole action as against both defendants was dismissed in September, 1967. Plaintiff contends that, since the original notice of trial contained only the name of the defendant corporation, the dismissal of that case could be effective only as against said defendant and a dismissal of the action as against the defendant Union for delay in prosecution could occur only after service of a 45-day notice under CPLE 3216. Conversely, the moving defendant urges that there was but one action in negligence brought under the same index number, that the pleadings named both defendants, and although commenced'by service of process upon the defendants at different times, the contents of the complaint in both instances were identical. The appearances and answers thereto were made by the same attorneys.
The unique aspect of this motion is that there appears to be no precedent or rule of this court apposite to the facts herein. In that the CPLE is applicable to this court where the New York City Civil Court Act is not in conflict therewith (see CCA. *947 § 2102), CPLR 3402 (subd. [b]) has applicability to the facts herein. That section is entitled “ Note of Issue ” and subdivision (b) thereof reads as follows: “ New parties. A party who brings in a new party shall within five days thereafter serve him with the note of issue and file a statement with the clerk advising him of the bringing in of such new party and of any change in the title of the action, with proof of service of the note of issue upon the new party, and of such statement upon all the parties who have appeared in the action. The case shall retain its place upon the calendar unless the court otherwise directs.” It would thus appear that the burden of compliance with the above was upon the plaintiff having served the second defendant Uivion after having served and filed a notice of trial upon the first defendant Corporation.
The plaintiff at this rather late date (four and one-half years after dismissal of the action) requests that this court imply that there was, in fact, a severance of the action at the time of the dismissal, since the plaintiff noticed the case for trial only as against the first defendant, which action was subsequently stricken from the calendar for failure to file a statement of readiness and one year later dismissed.
Orderly calendar procedure evolves from a structure of applicable statutes, adopted court rules, and the application of common sense in achieving orderly practice. Although not always as precise or exact as a particular situation might demand, orderly calendar practice does provide a basis and a firm direction to be employed by litigants. Even in the resolution of all inferences that could be drawn in the direction of the plaintiff, the rules of procedure and common sense would indeed be strained, were this court to find that there was, in fact, a severance by implication with the tenuous conclusion that the action against the defendant Union could indeed continue independently of the action against the defendant Corporation. Such a conclusion violates the application of good calendar procedure, particularly so, in that the plaintiff had the duty to clarify the status of the action with the Calendar Clerk as it related to any change in the title of the action under CPLR 3402 (subd. [b]).
In addition to the above, a denial of the relief sought herein would be grossly prejudicial to the defendant, who represents to this court that the defense of this negligence action which arose in 1963 (more than nine years ago) would be exceedingly difficult by reason of certain witnesses who no longer are available. Under all of the circumstances, therefore, and notwithstanding this court’s desire to have every action decided on its *948 merits, wherever provident, this motion, in the interests of justice, must be granted, and accordingly the action shall be dismissed as to the movant Union as of September 14,1967. Serve a copy of this order with notice of entry upon opposing counsel and upon the Calendar Clerk without undue delay.